UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIASIGA ESERA,<br><br>           Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the Social<br>Security Administration,<br><br>           Defendant. | Case No. CV 04-9175-RC<br><br>OPINION AND ORDER |

**BACKGROUND**

Effective November 5, 2004, plaintiff Asiasiga Esera, proceeding through her counsel, filed in forma pauperis a complaint seeking review of the Social Security Administration's decision denying disability benefits to her.  On June 15, 2005, the Court permitted counsel to withdraw from representing plaintiff and ordered counsel to provide her legal file to plaintiff.  On July 13, 2005, plaintiff's former counsel filed a declaration stating she had given her legal file to plaintiff on June 24, 2005.  This Court ordered plaintiff, now proceeding pro se, to file a legal memorandum or motion for summary

judgment supporting her claims, no later than July 28, 2005.  However, plaintiff has not done so.

On August 1, 2005, this Court ordered plaintiff to show cause, no later than August 15, 2005, why this action should not be dismissed for her failure to diligently prosecute her claims.  The plaintiff was advised her failure to respond to the Order to Show Cause could be considered her acquiescence in the dismissal of the action.  The plaintiff did not respond to the Order to Show Cause, and it has not been discharged.

## DISCUSSION

This action should be dismissed for plaintiff's failure to diligently prosecute.  This Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissal of actions for failure to diligently prosecute.  Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); Hernandez v. City of El Monte, 138 F.3d 393, 400 (9th Cir. 1998); In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994). Failure to timely file a legal memorandum or motion for summary judgment demonstrates plaintiff's failure to diligently prosecute this action.

"District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case.'"  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986)), cert. denied, 506 U.S. 915 (1992).  In Ferdik, the Ninth

2

Circuit upheld the district court's dismissal with prejudice of a pro se litigant's complaint for failure to comply with a court order requiring adherence to Fed. R. Civ. P. 10(a), which prohibits the use of "et al." in the caption of a complaint. The magistrate judge struck the plaintiff's second amended complaint for failure to list the full names of the defendants in the caption and ordered the plaintiff to refile a conforming second amended complaint within thirty days, advising the plaintiff that if he did not, the clerk would enter a dismissal without further notice. After the plaintiff failed to refile his second amended complaint, the court entered judgment dismissing the case. Ferdik, 963 F.2d 1260. The Ninth Circuit affirmed the judgment, holding that the district court had properly weighed the five factors necessary to determine whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Id. at 1260-61.

Here, the first two factors, the public's interest in expeditious resolution of litigation and the Court's need to manage its docket, weigh in favor of dismissal of the action. This action has been pending nine months, and, to date, plaintiff has not presented her claims to the Court. Likewise, the third factor, risk of prejudice to the defendant, also weighs in favor of dismissal. See Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992) (where plaintiff, who was challenging the denial of his social security benefits, failed to

3

timely file a motion for summary judgment, the "public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the possible prejudice to the party suffering delay" supported the district court's dismissal of plaintiff's complaint for failure to prosecute).  The fourth factor, the public policy favoring resolution of the merits, weighs against dismissing this action. Finally, with regard to the fifth factor, this Court has attempted to impose less severe alternatives prior to dismissing the case.[1] Specifically, this Court ordered the plaintiff to show cause why this action should not be dismissed for plaintiff's failure to file a legal memorandum or motion for summary judgment; however, the plaintiff did not respond to the Order to Show Cause.  Further, in its Order to Show Cause, this Court warned the plaintiff that failure to file her legal memorandum or motion for summary judgment, or to respond to the Order to Show Cause, could lead to the dismissal of this action. See Ferdik, 963 F.2d at 1262 (noting "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement").  As these less severe alternatives have proven ineffective, dismissal is appropriate. Id.  Thus, this action should

//

//

//

---

[1] "Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth . . . factor." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998); see also Oliva, 958 F.2d at 274 (stating "[i]n cases involving sua sponte dismissal of an action, . . . there is a closer focus on [the failure to consider less drastic alternatives and the lack of warning of imminent dismissal of the case").

1  be dismissed without prejudice due to plaintiff's failure to
2  diligently prosecute.

**ORDER**

IT IS ORDERED that Judgment be entered dismissing the action without prejudice due to plaintiff's failure to diligently prosecute.

DATE   August 15, 2005             /s/ Rosalyn M. Chapman
                                   ROSALYN M. CHAPMAN
                                   UNITED STATES MAGISTRATE JUDGE

R&R-MDO\04-9175.mdo
8/15/05